VAN AMERINGEN-HAEBLER, INC., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101416.   Promulgated December 23, 1941.

*J. F. Condon, Jr., Esq.*, for the petitioner.
*Charles Oliphant, Esq.*, for the respondent.

OPINION.

HILL: The sole issue for our determination is whether or not petitioner is entitled to a credit under section 26 (c) (1) or (c) (2) of the Revenue Act of 1936.[1] Petitioner contends that it is entitled to a credit under section 26 (c) (1), arguing that we must read the contracts together with the actions of petitioner and its officers as imposing a dividend restriction within the purview of section 26 (c) (1).

The basis for petitioner's claim for credit under section 26 (c) (1) or section 26 (c) (2) must be found in the mortgage or deed of trust dated June 1, 1929, since that is the only instrument in evidence which was executed by petitioner prior to May 1, 1936. The provi-

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. \* \* \*

(2) DISPOSITION OF PROFITS OF TAXABLE YEAR.—An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside. \* \* \*

sion of this instrument which relates to the restriction of dividend payments requires that petitioner "declare and/or pay no dividends whatever upon its common stock" so long as any bond is outstanding. Respondent contends that since this provision does not prohibit petitioner from paying dividends upon preferred stock there is no contractual restriction of dividends within the meaning of the statute.

We are of the opinion that the dividend restricting provision of the mortgage or deed of trust is not a provision which would be violated by the declaration of dividends upon the first preferred or preferred stocks of petitioner. Cf. *Paraport Theatre Leasing Corporation*, 44 B. T. A. 108. The arrears on the preferred stock of petitioner were greatly in excess of the net income of petitioner in the taxable years. Petitioner could have declared and paid a dividend on the first preferred or preferred stocks in payment of the arrearages. The fact that if petitioner had declared such a dividend continued operation of petitioner might have been impaired can not change the result. The statute is specific and allows the credit only where a provision, expressly dealing with the payment of dividends, of a contract executed by the taxpayer prior to May 1, 1936, would be violated by payment of a dividend. There is no provision in the contract under consideration which would be violated by payment of dividends other than on common stock. It is obvious, therefore, that petitioner is not entitled to a credit under section 26 (c) (1) of the Revenue Act of 1936.

Petitioner also contends that it is entitled to a credit under section 26 (c) (2) of the Revenue Act of 1936. Petitioner maintains that the mortgage or deed of trust dated June 1, 1929, required petitioner to pay bond amortization of $30,000 in each of the taxable years and that it did pay such amortization. Respondent admits that the mortgage instrument required petitioner to make the amortization payments in each of the taxable years and that the payments were made. He argues, however, that petitioner must be denied the credit on the ground that the mortgage instrument contained no provision expressly dealing with the disposition of earnings and profits of the taxable year which required the payment or irrevocable setting aside of amounts in discharge of a debt.

Petitioner's argument on this point seems based on the premise that if petitioner were to pay the amortization on the bonds the payments must necessarily be made from earnings and profits. While we believe this premise to be false, the assumption of its truth would not entitle petitioner to prevail. The statute stipulates that the provision requiring the payments to be made be one dealing with earnings and profits of the taxable year. The controlling provision of the

mortgage instrument of June 1, 1929, merely required that petitioner "pay to the trustee on the first days of September, December, March and June in each and every year." The mortgage instrument contains a provision which prevented a default or foreclosure on account of principal payments falling due prior to June 1, 1932, in the event that net profits of petitioner for the period of three months prior to the maturity date of such payment were less than $875. This provision, however, has no effect on events of the taxable year and can not be said to be one which "expressly deals with the disposition of earnings and profits of the taxable year." Since there is no provision in the mortgage instrument for which the credit may be obtained, petitioner's claim must fail. We do not feel that we may look to parol evidence to determine whether the mortgage instrument "expressly deals" with earnings and profits of the taxable years. *Sandura Co.*, 45 B. T. A. 491.

In *Lamm Lumber Co.*, 45 B. T. A. 1, we considered the case of a taxpayer which alleged that the circumstances were such that the payments were required to be made out of earnings and profits. There we held that, even where earnings and profits of the taxable year were applied to the payment made in discharge of a debt, such application without more is not sufficient to fulfill the requirement of the statute that the provision of the contract expressly deals with disposition of earnings and profits of the taxable year. More recently, in *Eastern Building Corporation*, 45 B. T. A. 188, 192, upon facts similar to those of the instant proceeding, we made the following statement:

Regardless of whether petitioner realized any earnings and profits in the taxable year, the regular annual payment was still required by the indenture of·trust. Without earnings, petitioner would have had to resort to some other manner of obtaining the necessary funds. This could have been done by applying accumulated surplus, if any, by the sale of assets, by issuing additional stocks or bonds, or by any other method of borrowing. Since the indenture does not require the payments to be from current earnings and profits or to be measured by current earnings and profits, it becomes immaterial whether the payments actually were out of earnings and profits of the taxable year. Provisions granting special exemptions are to be strictly construed. *Helvering* v. *Northwest Steel Rolling Mills*, 311 U. S. 46.

We are of the opinion that disposition of petitioner's claim under section 26 (c) (2) of the Revenue Act of 1936 is controlled by the *Sandura, Lamm*, and *Eastern Building* cases. Petitioner's contention that section 26 (c) (1) and (2) as herein construed in its application to the facts here is unconstitutional and void is without merit. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. Accordingly, respondent's determination is sustained.

*Decision will be entered for respondent.*